# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1776** (Monongalia County 10-F-10)

**John F., Jr.**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner John F., Jr., by counsel Natalie J. Sal, appeals the Circuit Court of Monongalia County's "Order to Re-Sentence" entered on December 1, 2011. The State, by counsel, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner allegedly engaged in sexual intercourse with his five-year-old niece while babysitting the girl and her sister. She later testified and reported consistently that "Uncle Johnny" placed his "pee pee" in her "pee bug" and that it hurt and made her sad. She reported the incident to her father the next day, who took her to the hospital. The examination showed trauma to and swelling of her genitalia. The incident was also reported to police. Several months later, petitioner's then-girlfriend found photographs on petitioner's phone depicting child pornography.[1] A search warrant was obtained after the girlfriend took the phone to the FBI, and seven child pornography photographs were found when the FBI accessed petitioner's email on the phone. Petitioner was then indicted on one count of first degree sexual assault and sexual abuse by a custodian or person in a position of trust. The State filed a Rule 404(b) notice to enter the photographs from petitioner's phone as evidence, and after a hearing, the motion was granted after the circuit court found that the photographs were admissible to show petitioner's lustful disposition toward young girls and toward the victim in this case. After a bench trial, petitioner was found guilty of first degree sexual assault and sexual abuse/assault of a child by a parent, guardian, custodian, or person in a position of trust. Petitioner was sentenced to twenty-five to one hundred years of incarceration for the first degree sexual assault charge and ten to twenty

---

[1] Petitioner had lost the phone, which was later found by the girlfriend's daughter, who turned the phone over to her mother.

1

years of incarceration for the sexual abuse by a custodian charge, with the sentences to run concurrently.

Petitioner first argues that the circuit court erred in allowing the child to testify at trial without first establishing her competency. Petitioner argues that there were inconsistencies in her story such as what she ate the night of the assault and specifically when she disclosed the alleged abuse. The State argues in response that the inconsistencies pointed out by petitioner are minor, and inconsistencies go to credibility, not competency. Further, no objection to the child's competence was made at trial.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). "'The question of the competency of a witness to testify is left largely to the discretion of the trial court and its judgment will not be disturbed unless shown to have been plainly abused resulting in manifest error.' Syllabus Point 8, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974)." Syl. Pt. 10, *State v. Pettrey*, 209 W.Va. 449, 549 S.E.2d 323 (2001). This Court finds no abuse of discretion in allowing the child herein to testify.

Petitioner next argues that the search of his email violated his constitutional protections against unreasonable search and seizure. He notes that the emails where the child pornography were found were not stored on the phone, but were accessed by the FBI agent using the email application on the phone. The State argues first that no motion to suppress was filed and that the validity of the search is raised for the first time on appeal. Further, the State argues that there is no evidence that by accessing the email application, the FBI exceeded the scope of the warrant.

This Court has held that

"[a]s a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. pt. 17, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). "We have invoked this principle with a near religious fervor. This variant of the 'raise or waive' rule cannot be dismissed lightly as a mere technicality. The rule is founded upon important considerations of fairness, judicial economy, and practical wisdom." *State v. Miller*, 197 W.Va. 588, 597, 476 S.E.2d 535, 544 (1996).

*State v. Salmons*, 203 W.Va. 561, 569, 509 S.E.2d 842, 850 (1998). Thus, this Court declines to address this assignment of error because it was not raised below.

Next, petitioner argues that the circuit court admitted improperly obtained evidence under Rule 404(b) of the West Virginia Rules of Evidence, as the child pornography pictures should not have been admitted to prove petitioner's lustful disposition. The State argues that the circuit court properly admitted the evidence after considering all of the relevant legal factors.

Regarding Rule 404(b), this Court has stated that:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review de novo whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

(citations omitted) *State v. LaRock*, 196 W.Va. 294, 310-311, 470 S.E.2d 613, 629 - 630 (1996). In the present case, the circuit court made all of the relevant inquiries pursuant to Rule 404(b) and *LaRock* and thus this Court finds that the evidence was properly admitted.

Finally, petitioner argues that the evidence was insufficient to support petitioner's conviction because there was no DNA evidence and the child's testimony was incompetent. The State argues that the evidence was sufficient based on the testimony of the child, the trauma found on the child's body, and the child's parents' testimony. In reviewing criminal convictions on appeal, we have held as follows:

> "'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

> "'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *Stone*, 229 W.Va. 271, 728 S.E.2d 155. Upon our review of the record, this Court finds that the evidence was sufficient to support petitioner's convictions. The child and her parents testified, and competent medical evidence of trauma to the child was submitted.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4